United States District Court
Southern District of Texas
**ENTERED**
October 18, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-19-564 |
| | § | |
| OTONIEL MONGE-ALVAREZ | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant, a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 33.)

Having considered the motion, the record, and the applicable law, the Court DENIES the motion for the reasons explained below.

*Background and Claims*

On August 20, 2019, defendant pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine. The Court sentenced him on January 7, 2020, to 108 months' imprisonment followed by a four-year term of supervised release. Judgment of conviction was entered on January 9, 2020. No appeal was pursued.

Two-and-a-half years later, on June 16, 2022, defendant filed a *pro se* "Judicial Notice Rules of Evidence 201(d) The Court Shall Take Notice," raising "Grand Jury Clause" due process challenges to his conviction and sentence. (Docket Entry No. 31). The Court warned defendant under *Castro v. United States*, 540 U.S. 375, 383 (2003), that it intended to recharacterize his judicial notice as a section 2255 motion. In compliance with the *Castro*

warning, defendant filed his pending section 2255 motion on August 8, 2022, raising the following claims for habeas relief:

1. Defendant's Grand Jury Clause due process rights were violated at sentencing because his conviction was based on modification of an essential element not charged by the grand jury, citing *U.S. v. Behety*, 32 F.3d 503 (11th Cir. 1994).

2. Trial counsel was ineffective in failing to raise Grand Jury Clause due process objections at the plea and sentencing hearings.

Defendant's claims are untimely under 28 U.S.C. § 2255(f) and are subject to dismissal as barred by limitations. However, the Court will deny the claims, as they lack merit.[1]

## *Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104–132, 110 Stat. 1214, establishes a one-year statute of limitations for section 2255 proceedings. The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the [movant] was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]Because defendant largely addresses his due process and ineffective assistance of counsel claims as one, the Court will consider the merits of the due process claims without regard to the waiver of collateral review provision in defendant's written plea agreement.

>  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the Court entered judgment on January 9, 2020, and defendant did not pursue an appeal. Defendant's conviction became final fourteen days later, on January 23, 2020. *See* FED. R. APP. P. 4(b)(A) (stating a notice of appeal must be filed within fourteen days of entry of judgment). Defendant then had one year, or until January 25, 2021, to file his habeas claims. Because defendant did not file his initial habeas claims (Docket Entry No. 31) until June 16, 2022, his section 2255 claims are untimely and subject to dismissal as barred by the AEDPA one-year limitation.

However, the Court will dismiss defendant's habeas claims without regard to limitations, as the claims lack merit.

## *Analysis*

### *Grand Jury Clause Due Process*

Defendant claims that his Grand Jury Clause due process rights were violated because his conviction was based on modification of an essential element not charged by the grand jury. Specifically, he argues that the sentencing element of "Ice" as the applicable drug in his case was not stated as a violation of federal law, in that the indictment did not charge an offense as to the drug "Ice" or state the amount of the drug "Ice." (Docket Entry No. 33, pp. 2–3.)

In support, defendant relies on *U.S. v. Behety*, 32 F.3d 503 (11th Cir. 1994). In *Behety*, the Eleventh Circuit reiterated its prior holdings that convictions based on a modification of an essential element not charged by the grand jury present reversible error. The Eleventh Circuit noted that a court's jury instruction that constructively amends an indictment constitutes reversible error *per se* because the instruction violates a defendant's Fifth Amendment right to be tried only on charges presented by a grand jury and creates the possibility that the defendant may have been convicted on grounds that the indictment did not allege.

Cases decided by the Eleventh Circuit are not binding on this Court. However, the Fifth Circuit Court of Appeals, consistent with Supreme Court precedent, recognizes that due process prevents indictments from being broadened through amendment except by the grand jury itself. *See United States v. Jones*, 833 F. App'x 528, 541 (5th Cir. Oct. 23, 2020). A constructive amendment occurs when the evidence introduced at trial broadens an indictment by permitting a jury to convict on an alternative basis permitted by the statute but not charged in the indictment. *Id.*

Nonetheless, defendant's Grand Jury Clause due process arguments lack merit, as there was no grand jury, no indictment, no trial, and no jury charge in his case. To the contrary, defendant waived indictment and pleaded guilty to count one of the information for the offense of "conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance," a violation

4

of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(viii). (Docket Entries No. 8, 16, 17.) He was convicted and sentenced for the same offense. The information, written plea agreement, sentence, and judgment did not reference the term "Ice."

Defendant's Grand Jury Clause due process arguments warrant no habeas relief.

*Ineffective Assistance of Trial Counsel*

Defendant argues that trial counsel was ineffective because he failed to raise the above Grand Jury Clause due process arguments at the plea and sentencing hearings.

As explained above, there was no grand jury indictment in defendant's case, and his Grand Jury Clause due process arguments provide no basis for ineffective assistance of counsel. Defendant's claim fails for lack of merit.

*Conclusion*

Defendant's judicial notice (Docket Entry No. 31) is DISMISSED AS MOOT. Defendant's motion to vacate, set aside, or correct his sentence under section 2255 (Docket Entry No. 33) is DENIED. A certificate of appealability is DENIED.

Signed at Houston, Texas, on October 18, 2022.

_____
Gray H. Miller
Senior United States District Judge